**Eduardo A. CONTRERAS, Appellant,**

v.

**Irma Estella CONTRERAS, Appellee.**

No. 04–97–00717–CV.

Court of Appeals of Texas,
San Antonio.

April 15, 1998.

Manuel G. Escobar, Jr., San Antonio, for Appellant.

Miles H. Appleberry, San Antonio, for Appellee.

Before HARDBERGER, LÓPEZ and GREEN, JJ.

## OPINION

LÓPEZ, Justice.

This appeal challenges the trial court's entry of an order clarifying and enforcing a prior order granting Eduardo A. Contreras and Irma Estella Contreras a divorce. The prior order directed the division of Eduardo's military retirement benefits when he retired from the U.S. Army. Several years after the divorce, Irma sought to enforce and clarify the divorce decree to determine her percentage of Eduardo's retirement benefits. Ultimately, the trial court entered an order that decreed that Irma recover from Eduardo a "sum equal to 34.1% of the disposable retired pay of an E–7 with 16 years, 3 months of creditable service pay." Because Eduardo had retired by the time the clarification order was signed, the court also awarded Irma a sum that represented Irma's share of unreceived benefits. On appeal, Eduardo contends that Irma's share of his retirement pay was improperly calculated.

The divorce decree apportioned Eduardo's military retirement according to the following formula:

$$\text{Petitioner's Monthly Retirement Pay} \times \frac{15\ [\text{total No. of years during marriage in Military}]}{\text{Total No. of years in Military Service Retirement}} \times 50\% = \text{Respondent's Share of Petitioner's Military Retirement Benefits}$$

To compute Irma's share as 34.1%, the trial court found that Irma and Eduardo had been married for 133 months. The court also found that Eduardo served at least 195 months of creditable service at the time of the divorce. The only way the court could have used these numbers to conclude that Irma should recover 34.1% is to use them as follows:

$$\frac{133\ \text{months}/11.083\ \text{years (total no. years during marriage in military)}}{195\ \text{months}/16.25\ \text{years (total no. years in military } \textit{at time of divorce})} \times 50\%\ (\tfrac{1}{2}) = 34.1\%$$

Eduardo complains that this calculation is incorrect. He contends that the trial court should have awarded Irma only 27.7%. To reach this percentage, Eduardo relies on *Grier v. Grier*, 731 S.W.2d 931 (Tex.1987), a decision in which the Supreme Court of Texas affirmed a division of military retirement benefits valued at 20 years of service. According to Eduardo, *Grier* requires military retirement benefits to be apportioned using a denominator of 20 years, according the rank the service member held at the time of the divorce. Based on *Grier*, Eduardo maintains that Irma's share should have been computed as follows:

$$\tfrac{1}{2} \times \frac{\text{Total no. of years/months in the military while married}}{\text{Twenty (20) years service credit}}\ \text{or,}$$

$$\frac{1}{2} \times \frac{11.083 \text{ years}/133 \text{ months}}{20 \text{ years}/240 \text{ months}} = 27.7\% \text{ of his retired pay as an E–7}$$

Eduardo also disputes the trial court's finding that he had completed 195 months of service at the date of the divorce; Eduardo contends that he had served only 185 months at that time.

In response, Irma maintains that the trial judge correctly calculated her share of Eduardo's retirement. Because retirement benefits are to be apportioned to the spouses according to the formula set out in *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977), and valued based on the community's interest at the time of divorce under *Berry v. Berry*, 647 S.W.2d 945 (Tex.1983), Irma argues that the trial court's order is correct. Although Eduardo maintains he had served only 185 months of creditable service at the time of divorce, Irma contends that Eduardo is wrong because he does not properly account for his service in the reserves. Thus, we must determine if the trial court properly clarified the divorce decree.

The Supreme Court of Texas set out the formula for determining the extent of the community's interest in military retirement benefits in *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977). In *Taggart*, an ex-wife sued for a portion of her ex-husband's retirement benefits after he retired. *See Taggart*, 552 S.W.2d at 423. The Court calculated the non-employee spouse's community interest in employee-spouse's retirement benefits as follows:

$$\frac{1}{2} \times \frac{\#\text{ years of service while married}}{\#\text{ years of service at retirement}} \times \begin{array}{l}\text{value of accrued benefit} \\ \text{at date of retirement}\end{array} = \begin{array}{l}\text{non-employee} \\ \text{spouse's share}\end{array}$$

*Id.* at 424. This formula is referred to as the apportionment formula.

Subsequently, the Supreme Court determined in *Berry v. Berry* that retirement benefits are to be apportioned based upon the value of the community's interest at the time of divorce. *See Berry v. Berry*, 647 S.W.2d 945, 946–47 (Tex.1983). Based on this determination, the Court used the following formula, post-divorce, to apportion Mr. Berry's civilian retirement benefits:

$$\frac{1}{2} \times \frac{\#\text{ years married under pension plan}}{\#\text{ years employed under plan as of date of divorce}} \times \begin{array}{l}\text{value of plan on date} \\ \text{of divorce}\end{array} = \begin{array}{l}\text{non-employee} \\ \text{spouse's share}\end{array}$$

*See Berry*, 647 S.W.2d at 946–47. This formula is called the *Berry* formula. Although the denominator used to compute the community interest in the retirement benefits used in *Berry* differed from the denominator used in *Taggart*, the Supreme Court did not overrule *Taggart* in *Berry*. Instead, the Supreme Court later determined in *Grier v. Grier* that the community's interest in military retirement benefits should be based on the amount of retirement pay that corresponded to the rank held by the service member on the date of the divorce. *See Grier v. Grier*, 731 S.W.2d 931, 932 (Tex. 1987). In this way, the community's interest in military retirement benefits is valued as of the date of divorce.

■ In the instant case, the divorce decree set out the apportionment formula set out in *Taggart*. However, in attempting to clarify the divorce decree, the trial court incorrectly applied the *Berry* formula in an effort to value Eduardo's retirement plan at the time of divorce. In applying *Berry*, the clarification

order apportioned Eduardo's retired pay by using the total number of years Eduardo had served in the military *at the time of divorce* as the denominator of the apportionment ratio instead of using the total number of years Eduardo served in the military as set out in the divorce decree. In doing so, the trial court impermissibly *changed* the formula for apportioning Eduardo's retirement benefits, rather than clarifying the decree. Because the trial court may not alter the division of the community estate as set out in the divorce decree, the trial court was without authority to order Irma's recovery. *See* TEX. FAM.CODE ANN. § 3.71 (Vernon 1993).

■ The clarification order also impermissibly changed the divorce decree by providing that Irma recover against "the disposable retired pay of an E-7 with 16 years, 3 months of creditable service." By doing so, the trial court applied the rule in *Grier.* Although the Supreme Court determined in *Grier* that community property retirement benefits are to be valued at the time of divorce, *see Berry,* 647 S.W.2d at 946–47, parties are not permitted to apply that rule retrospectively to a settlement agreement that both parties agreed to at the time of divorce, *see* TEX. FAM.CODE ANN. § 3.71 (Vernon 1993).

The divorce decree provides that Irma's share of Eduardo's retirement benefit is to be computed against "petitioner's monthly retirement pay." This provision is clear and cannot be changed by a clarification order. *See Pearcy v. Pearcy,* 884 S.W.2d 512, 514 (Tex.App.—San Antonio 1994, no writ) (determining that court may not alter division of property in divorce decree by clarifying provision that is not ambiguous). There simply is no ambiguity in the amount against which Irma's share is to be calculated. A proper clarification order would determine Irma's share according to the original formula specified in the divorce decree, and use the total number of Eduardo's creditable military service years as the denominator in the apportionment ratio. The resulting percentage would then be multiplied by Eduardo's monthly retirement benefit to determine Irma's monthly entitlement. Despite the clarity of the apportionment figure, an ambiguity exists that was properly addressed by a clarification order.

That ambiguity is to determine the actual numbers to use in the divorce-decree formula. Because Eduardo was not retired at the time of the divorce, the total number of service years could not be determined until Eduardo retired. Thus, in clarifying the divorce decree, the court should have determined the number of years Eduardo served in the military. Even if the court had done this, the resulting computation is likely to have been incorrect because the court computed the credit for Eduardo's reserve time incorrectly. The following undisputed facts show that Eduardo could not have served 195 months in the service at the time of the divorce.

■ Eduardo enlisted in the U.S. Marines on March 20, 1967 and was discharged on December 24, 1974. He later enlisted in the U.S. Army on July 31, 1979, after having served in a reserve unit during his break in service. Eduardo and Irma were divorced on March 27, 1987, at which time Eduardo was still in the Army. Based on these dates, the trial court determined that Eduardo had served 195 months at the time of divorce. To reach this number, the court had to have counted Eduardo's reserve time in the same way as active duty time. The governing directives for computing military retired pay clearly shows that reserve service is credited at a much lower rate than active duty service.

Creditable military service is determined using the guidance in section 1405 of title 10 of the United States Code. *See* 10 U.S.C. § 1405 (1994). Section 1405, in pertinent part, provides that a military member's "years of service" is computed by adding "his years of active service" and "the years of service, not included in clause (1) or (2), with which he would be entitled to be credited under section 12733 of this title if he were entitled to retired pay under section 12731 of this title." *Id.* Section 12731 provides that a service member is entitled to retired pay if he "has performed at least 20 years of service computed under section 12732." *See* 10 U.S.C. § 12731(a)(3) (1994). Under section 12732, creditable military service is:

(a) . . . computed by adding the following:

\* \* \* \*

(2) Each one-year period, after July 1, 1949, in which the person has been credited with at least 50 points on the following basis:

(A) One point for each day of—

(i) active service

\* \* \* \*

(C) Points at the rate of 15 a year for membership—

(i) in a reserve component for an armed force

\* \* \* \*

10 U.S.C. § 12732(a) (1994). Section 12733, however, limits the number of points a member can be credited under subsection (C) above. That section awards one day for each point credited to the person under clause (C), but limits the award to "not more than 60 days in any one year." *See* 10 U.S.C. § 12733(3) (1994) (specifying how service member's years of service is computed for purposes of retirement pay). This guidance clearly shows that the trial court overstated Eduardo's military service on the date of the divorce.

■ Because the governing directives for computing military retirement pay are both complicated and confusing, errors will undoubtably occur when those unfamiliar with these directives undertake such calculations. Errors can be avoided by deferring to the numbers used by the paying service to calculate the retiree's benefits. For a retired enlisted person like Eduardo, the relevant number to compute Irma's share is his 1405 service date. This date is easily obtained from Eduardo's service records or from Eduardo's retirement orders. Obtaining the correct number for Eduardo's total years of service will enable the trial court to properly clarify the divorce decree.

We sustain Eduardo's issues challenging Irma's recovery of retirement benefits under the clarification order, and remand for clarification in accordance with this opinion.