



# OPINION

No. 04-09-00357-CV

**JONES & GONZALEZ, P.C.**, James K. Jones, Jr., and The Carlos August Richter Trust,
Appellants

v.

Quoc **TRINH**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2008-CVQ-000184-D2
Honorable David Peeples, Judge Presiding[1]

Opinion by:     Rebecca Simmons, Justice

Sitting:        Karen Angelini, Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  March 9, 2011

AFFIRMED IN PART, REVERSED IN PART & REMANDED

This appeal comes to us for a second time due to a series of subsequent procedural developments following our first remand of this case. Appellants Jones & Gonzalez, P.C., James K. Jones, and The Carlos August Richter Trust appeal the trial court's grant of Trinh's bill of review. Likewise, Appellants complain of the trial court's failure to grant their motions for judgment *non obstante veredicto* (JNOV) and motion for new trial regarding the Richter Trust's

---

[1] The pre-trial proceedings in this case were handled by several different county and district court judges in Webb County. The Honorable David Peeples presided only over the preliminary hearing on the bill of review and subsequent trial of this case.

breach of lease claim against Trinh; Trinh's security deposit claim against the Richter Trust; and Trinh's conversion claim against Jones & Gonzalez, P.C. and James K. Jones for the theft of his supersedeas bond. They also appeal the trial court's award of attorney's fees. We affirm the trial court's judgment as to the conversion claim, reverse the judgment as to the breach of lease and security deposit claims and, once again, remand this case for a calculation of attorney's fees.

## BACKGROUND

The facts of the underlying commercial lease dispute giving rise to this appeal are recounted in our opinion in *Trinh v. Richter*.[2] In that opinion, we held that (1) Trinh breached his lease by failing to insure the premises; and (2) Trinh owed the Richter Trust holdover damages as per the lease. Because no evidence supported the trial court's award of $25,500.00 to the Richter Trust in holdover damages for the period from February 2003 to June 2004, we remanded the case back to the county court to determine the date that Trinh vacated the premises for the sole purpose of calculating holdover damages and attorney's fees. Despite the simple mandate, the following complicated series of events occurred after we remanded the case.

## A. On Remand

- On June 9, 2006, the county court set a June 21, 2006 hearing for the entry of judgment on the Richter Trust's motion for entry of judgment and notified the parties of the hearing date.

- On June 21, 2006, the Richter Trust objected to a visiting judge and the hearing on the motion for entry of judgment was reset for August 9, 2006.

- On July 7, 2006, Trinh moved to substitute counsel and the hearing was rescheduled for August 16, 2006.

- On July 20, 2006, Trinh moved for the release of his $77,000.00 supersedeas bond that he posted prior to the first appeal in this case.

- Sometime during July 2006, Trinh filed a claim in the 111th District Court against the Richter Trust for the bad faith retention of his security deposit, and the District

---

[2] 04-03-00014-CV, 2005 WL 2989278, at *1 (Tex. App.—San Antonio Nov. 9, 2005, no pet.).

Court ordered that the security deposit claim be consolidated with the remanded issues, which were pending in the county court.

- At the August 16, 2006 hearing, Trinh informed the county court that his security deposit claim was consolidated with the case on remand. The county court set an August 23, 2006 hearing for Trinh's motion to release his supersedeas bond, and permitted Trinh to substitute counsel.

- At the August 23 hearing, the parties discussed the motion for entry of judgment, but Trinh's newly retained counsel requested an extension to familiarize himself with the case; the county court granted the extension, and set the case for September 20, 2006.

- On August 28, 2006, Trinh filed a motion for summary judgment on his security deposit claim, and two days later, the court set the hearing for that motion on September 20, 2006.

- Sometime in August, Trinh signed an affidavit confirming that he had vacated the leased premises in June of 2004 and thereby provided the date from which holdover damages could be calculated.

- At the September 20, 2006 hearing, the parties presented arguments on Trinh's motion for summary judgment on his security deposit claim; the Richter Trust presented its motion for entry of judgment, including its proposed Final Judgment After Remand, which credited Trinh's $20,000.00 security deposit against the judgment in favor of the Richter Trust with regard to its breach of lease claim. At the end of the hearing, the county court requested that the parties submit whatever orders they wanted the court to consider.

- On September 29, 2006, the county court judge signed the Richter Trust's proposed Final Judgment After Remand, which awarded the Richter Trust $25,500.00 in holdover damages, and $87,875.00 in attorney's fees; it also filed a signed order denying Trinh's motion for summary judgment; and on November 2, 2006, it filed a signed order denying Trinh's motion for the release of his supersedeas bond. The entry of judgment was noted in the court's docket sheet, and the orders and the judgment were filed in the county court's file.

- The county court notified the Richter Trust's attorneys of the signed Final Judgment After Remand, and, on November 2, 2006, Jones & Gonzalez, P.C. obtained from the county court a signed order releasing to it Trinh's supersedeas bond to collect on the judgment.

- On November 22, 2006, Trinh filed additional counterclaims against the Richter Trust, including a claim for slander of title and a quiet title claim, and reasserted his security deposit claim in the county court.

- On December 19, 2007,[3] the county court set a January 23, 2008 pre-trial hearing to determine trial dates for Trinh's counterclaims.

- On January 18, 2008, the Richter Trust filed a plea to the jurisdiction with regard to Trinh's counterclaims and a hearing for the motions was set for January 23, 2008. The plea to the jurisdiction alleged that the county court lost its plenary power over the case in October 2006, thirty days after the court rendered the Final Judgment After Remand.

- On January 29, 2008, the court sustained the Richter Trust's plea to the jurisdiction. The order did not explicitly dismiss the case.

## B. Trinh's Bill of Review

- On July 9, 2008, Trinh filed a bill of review in the county court and alleged that he received no notice of the entry of the Final Judgment After Remand.[4] In his bill of review petition, Trinh alleged that he need not prove a meritorious claim or defense because he received no notice of a trial on his security deposit claim.[5] Trinh alternatively alleged that his security deposit claim was a meritorious claim, and that his excessive attorney's fees defense was a meritorious defense to the Final Judgment After Remand.

- Sometime prior to July 28, 2008, Trinh filed suit in district court against Jones & Gonzalez, P.C. and James K. Jones for the conversion of the $77,000.00 supersedeas bond he posted prior to the first appeal.

- On July 28, 2008, the District Court consolidated Trinh's conversion claim against Jones & Gonzalez, P.C. and Trinh's bill of review into one proceeding in the District Court.

- On November 18, 2008, the District Court held a preliminary hearing on Trinh's bill of review. Trinh presented the county court docket sheet tracking the events of the suit. He argued that the docket sheet demonstrated that Trinh suffered a due process violation because it did not show that he received notice of a trial on his security deposit claim. The trial court ruled that Trinh suffered a due process violation and was entitled to a trial on his bill of review.

- At trial, the parties presented evidence on Trinh's claims for conversion and bad faith retention of his security deposit, and re-litigated the Richter Trust's breach of lease claim.

---

[3] The record shows that between November 22, 2006, and December 19, 2007, the parties took no significant actions.

[4] The record is unclear as to why Trinh waited over five months to file the bill of review petition.

[5] The record reflects that a summary judgment hearing was held on September 20, 2006, regarding the security deposit claim, but it does not show any other trial relating to the claim.

- The jury found the following: (1) Trinh did not breach the lease; (2) Trinh was not at fault for the Final Judgment After Remand being erroneously rendered against him; (3) Trinh owed the Richter Trust no damages; (4) the Richter Trust withheld Trinh's security deposit in bad faith; (5) Jones & Gonzalez, P.C. and James K. Jones were liable for converting Trinh's supersedeas bond; and (6) Trinh was entitled to $31,478.89 in attorney's fees from the Richter Trust.

- The Appellants filed motions for JNOV regarding the breach of lease claim and Trinh's security deposit claim. The District Court denied both motions.

- The District Court entered judgment in favor of Trinh on all of the parties' claims and awarded Trinh attorney's fees.

- The Appellants filed a motion for new trial attacking the sufficiency of the evidence of all of the jury's findings. The District Court overruled the motion.

- The Appellants then filed their Notice of Appeal challenging the grant of the bill of review and the denial of their motions for JNOV and their motion for new trial. Notably, Jones & Gonzalez, P.C. and James K. Jones do not appeal the portion of the judgment awarding Trinh damages for the conversion of his supersedeas bond.

### MOTIONS FOR JNOV[6]

The Appellants filed two motions for JNOV, both of which the trial court denied. The first challenged the jury's finding that Trinh did not breach his lease with the Richter Trust because the law of the case already established that, as a matter of law, Trinh breached his lease.[7] The second challenged the jury's finding that the Richter Trust was liable to Trinh for the bad faith retention of his $20,000.00 security deposit.

### A. Breach of the Lease

A motion for JNOV should be granted if a legal principle precludes recovery. *See Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex. 1994). Under the law of the case doctrine, a question of law previously decided on appeal governs a case throughout its

---

[6] Though the Appellants complain that the Bill of Review was improperly granted, we do not address these issues because they are not necessary to our final disposition of this appeal. *See* TEX. R. CIV. P. 47.1.

[7] The JNOV also challenged the finding because there was no evidence that Trinh complied with the terms of his lease requiring him to insure the Richter Trust and all of his business operations on the premises, or that he obtained consent prior to subletting. We do not address these issues because they are not necessary to our final disposition of this appeal. *See id.*

subsequent stages. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986). If a case on remand "is accompanied by instructions to retry certain issues, the scope of the trial must be limited to those issues and the parties may not re-litigate issues settled by the appellate court." *Musgrove v. State*, 82 S.W.3d 34, 37 (Tex. App.—San Antonio 2002, pet. ref'd).

In our 2005 opinion, we held that Trinh breached the lease as a matter of law because he failed to obtain insurance coverage for all of his business operations and for the landlord. *Trinh*, 2005 WL 2989278, at *2. The Richter Trust objected repeatedly to the bill of review proceedings based on the law of the case and our prior opinion and mandate. The trial court overruled the objections and granted the bill of review, and then proceeded to trial on all matters including those previously adjudicated. At the second trial, the first question submitted to the jury inquired whether Trinh breached the insurance provision of his lease. Because we already determined as a matter of law that Trinh breached this provision of the lease, and because the trial court disregarded our mandate to only calculate holdover damages and attorney's fees, the trial court erred in denying the motion for JNOV as to the Appellants' breach of lease claim.

Trinh argues that the Richter Trust waived its law of the case complaint because the Richter Trust did not plead it as an affirmative defense or object to the jury question regarding Trinh's breach. Trinh cites to no published case, and we could find none, that holds that the law of the case is an affirmative defense.[8] Moreover, the Richter Trust brought our prior holding to the trial court's attention at several points prior to and after the re-trying of the Richter Trust's breach of lease claim: (1) in its response to Trinh's bill of review petition; (2) at the preliminary hearing on Trinh's bill of review petition; and (3) in its motion for JNOV. Finally, even if the

---

[8] Though *Acton Corp. v. Sabinske*, 05-91-01720-CV, 1995 WL 479671 (Tex. App.—Dallas Aug. 9, 1995, writ ref'd), states that the law of the case is an affirmative defense that can be waived, *Acton Corp.* has no precedential weight and does not address the Dallas Court's prior holding in *J.O. Lockridge General Contractors, Inc. v. Morgan*, 848 S.W.2d 248 (Tex. App.—Dallas 1993, writ denied), that the law of the case cannot be waived. *See* TEX. R. APP. P. 47.7(b) (providing that unpublished civil cases have no precedential value).

Richter Trust did not object, "a party cannot waive the doctrine" because the law of the case doctrine protects our prior opinion and judgment. *J.O. Lockridge Gen. Contractors, Inc. v. Morgan*, 848 S.W.2d 248, 251 (Tex. App.—Dallas 1993, writ denied).

We previously held that Trinh breached the lease and that Trinh was holding over as of February 5, 2003. The record reflects that Trinh signed an affidavit that he vacated the leased premises in June of 2004. Moreover, counsel for Trinh stated at oral argument that the parties agreed that Trinh moved out of the leased premises in June of 2004, and that as of that date, Trinh owed $25,500.00 in holdover rent. Because the amount of the holdover damages is undisputed, we render judgment in favor of the Richter Trust for $25,500.00 in holdover damages resulting from Trinh's breach of the lease.

## B. Security Deposit

A trial court "may render [JNOV] if a directed verdict would have been proper, . . . ." TEX. R. CIV. PROC. 301. A directed verdict is proper if a party "fails to present evidence raising a fact issue essential to the plaintiff's right of recovery," or if a party "admits or the evidence conclusively establishes a defense to the [party's] cause of action." *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). We view the evidence in the light most favorable to the jury findings, consider only the evidence and inferences that support the jury's findings, and disregard all evidence and inferences to the contrary. *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003). If more than a scintilla of evidence supports the jury's findings, then the judgment must be upheld. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 228 (Tex. 1990).

To be liable for bad faith retention of a security deposit, a landlord must have failed to return the tenant's security deposit and a written list of itemized deductions, if any, for any portion of the security deposit that the landlord retains. TEX. PROP. CODE ANN. § 93.005 (West

2007). The landlord must send to the tenant the remaining security deposit and the list of itemized deductions within sixty days of the tenant's surrendering possession of the premises. *Id.* However, the sixty-day period does not start until after the tenant provides the landlord with a written statement of a forwarding address for the purpose of returning the security deposit. *See id.*; TEX. PROP. CODE ANN. § 93.009 (West 2007). Given the penal nature of the statutory remedy, this requirement is strictly construed. *Michaux v. Koebig*, 555 S.W.2d 171, 174–75 (Tex. App.—Austin 1977, no pet.).

At trial, Trinh presented no evidence that Trinh sent the Richter Trust a written notification of a forwarding address to where Trinh's security deposit and list of itemized deductions should be sent.[9] Because this requirement is strictly construed, it does not matter whether or not the Richter Trust had actual knowledge of an address where Trinh could be contacted. *See Johnson v. Huie Props.*, 594 S.W.2d 488, 491–92 (Tex. App.—Dallas 1980, no pet.). Thus, because the Richter Trust had no obligation to send the security deposit to Trinh, the Richter Trust was not liable for bad faith retention of Trinh's security deposit, and, therefore, the trial court should have granted the Appellants' motion for JNOV as to this issue. *See Prudential Ins. Co. of Am.*, 29 S.W.3d at 77.

### CONVERSION CLAIM & ATTORNEY'S FEES

Although Jones & Gonzalez, P.C. and James K. Jones do not appeal the judgment against them for conversion of Trinh's supersedeas bond, they argue that the trial court erroneously awarded Trinh attorney's fees for the conversion claim. However, no part of the judgment awarded attorney's fees against Jones & Gonzalez, P.C. or James K. Jones.

---

[9] At oral argument, Trinh's counsel also conceded that the record contained no evidence that Trinh sent the Richter Trust a written notification of a forwarding address for the purpose of returning his security deposit.

All of the Appellants claim that Trinh's award of attorney's fees was improper because Trinh should not have prevailed on the merits. Because we agree that the Richter Trust should have prevailed on both the breach of lease claim and the security deposit claim, we reverse the trial court's award of attorney's fees to Trinh.

## CONCLUSION

Because the trial court erred by denying the Appellants' motions for JNOV regarding the breach of lease and security deposit claims, we reverse the judgment of the trial court as to these claims and render judgment that the Richter Trust is entitled to damages on the breach of lease claim and that Trinh take nothing on his security deposit claim. Because Trinh is not the prevailing party on either of the claims relating to the lease, we reverse the judgment's award of attorney's fees to Trinh and render judgment that the Richter Trust is entitled to attorney's fees for the breach of lease and security deposit claims. We remand this case to the trial court solely to determine the amount of attorney's fees to which the Richter Trust is entitled. We affirm the judgment of the trial court as to the conversion claim against Jones & Gonzalez, P.C. and James K. Jones.

Rebecca Simmons, Justice