

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00541-CV

Stanley **FREEMAN**,
Appellant

v.

Sumiko **FREEMAN**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 1998-CI-13915
The Honorable Janet P. Littlejohn, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Karen Angelini, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  June 26, 2013

REVERSED AND REMANDED

This is an appeal of an order entered after the Eighth Court of Appeals reversed a domestic

relations order and remanded the cause for "calculations consistent with [that court's] opinion."

*See Freeman v. Freeman*, 387 S.W.3d 772 (Tex. App.—El Paso 2012, no pet.).[1]  In this appeal,

Stanley Freeman asserts that the order entered on remand erroneously awards Sumiko Freeman a

---

[1] Although there was an initial appeal of the divorce decree on other issues, we refer to the El Paso court's opinion as *Freeman I* because it is the first opinion addressing the domestic relations order relating to Stanley's military retirement.  The appeal addressed in *Freeman I* was transferred from this court to the El Paso court pursuant to a docket equalization order issued by the Texas Supreme Court.

percentage of his disposable retirement pay that belongs to his separate estate. Stanley also asserts that the order entered on remand contains a provision that was added beyond the scope of the remand. For the reasons that follow, we reverse the trial court's order.

### *FREEMAN I*

The facts underlying this appeal are accurately set forth in the prior opinion. *See Freeman I*, 387 S.W.3d at 773-74. The divorce decree divided Stanley's military retirement benefits and awarded Sumiko the following benefits pertinent to this appeal:

> All right, title and interest in and to 44% percent [sic] of the United States Air Force disposable retired pay to be paid as a result of STANLEY FREEMAN SR.'S service in the United States Air Force, at the grade and time in service that exists as to the date of the divorce….

The domestic relations order initially entered by the trial court and considered by the El Paso court in *Freeman I* provided in pertinent part:

> IT IS THEREFORE ORDERED that Former Spouse have judgment against and recover from Service Member 50 percent multiplied by 247/336 or 36.75% multiplied by Service Member's monthly disposable retired pay.

In *Freeman I*, the El Paso court noted that courts have struggled in calculating the division of military retirement benefits upon divorce, asserting:

> Courts have grappled throughout the years over the proper formula for *apportioning* the extent of the community property interest when the service member joined the military prior to marriage. Courts have also struggled with *valuing* the community property interest when the service member is still on active duty at the time of divorce.

387 S.W.3d at 774 (emphasis in original). The El Paso court then noted the *Taggart* formula "was created to address the apportionment issue," through the application of a fraction, "the numerator of which is the number of months the military member served during marriage and the denominator of which is the total number of months the member has served in the military at the time of retirement." *Id*. at 774-75. Applying the *Taggart* formula to the facts presented in the case, the

court noted the fraction would be 247 (months of service during marriage) divided by 336 (months of accumulated service). *Id*. at 775-76. The court also noted, however, that the *Taggart* formula "did not address the *valuation* of the community interest, nor did it recognize that post-divorce military service belonged to the member spouse's separate property." *Id*. at 775 (emphasis in original). The El Paso court then cited the Texas Supreme Court's decision in *Berry v. Berry*, 647 S.W.2d 945, 946 (Tex. 1983), as further modifying the appropriate formula. *Freeman I*, 387 S.W.3d at 775.

After acknowledging that *Berry* modified the *Taggart* formula, the El Paso court noted that the Freemans' divorce decree provided "that the percentage awarded to the former spouse will be multiplied by the benefit earned at the grade and time in service that exists as of the date of divorce." *Id*. at 775. Although the court acknowledged that Stanley was a Senior Master Sergeant (E-8) at the time of the divorce and had served 247 months during marriage, *id*. at 773, the opinion does not discuss the value of the retirement benefit corresponding to his grade and time in service at the time of the divorce.[2] Instead, the court noted only that "Stanley is currently entitled to disposable retired pay of $3293 which is predicated on a service member classified E-8 with 28 years [or 336 months] of service." *Id*. at 775. Somewhat confusingly, the court then multiplied the disposable retired pay amount to which Stanley was "currently entitled" by the *Taggart* formula.[3] *Id*. at 775-76.

The El Paso court then addressed the DRO's multiplication of the *Taggart* formula by 50 percent. *Id*. at 776. Noting that the divorce decree awarded Sumiko only 44% of Stanley's

---

[2] In summarizing an argument raised by Sumiko, the court refers to Stanley's service before marriage as totaling "199 days [nearly seven months]." *See Freeman I*, 387 S.W.3d at 774. The court also refers to 25 months of service that elapsed between the date the decree was rendered and the date the decree was signed and entered. *Id*.

[3] To the extent any party would argue that the application of the *Taggart* formula by the El Paso court should be considered law of the case, we note that the application of the law of the case doctrine is discretionary. *See Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716-17 (Tex. 2003).

retirement benefit, the court concluded that the trial court "used the wrong percentage award." *Id*. at 777. The court then reversed the trial court's order and remanded the cause "for calculations consistent with this opinion." *Id*. at 777.

VALUATION OF COMMUNITY INTEREST

Consistent with the El Paso court's statement that the Freemans' decree required the applicable percentage to be multiplied by the retirement benefit earned by Stanley at the grade and time in service that existed as of the date of the divorce, Stanley introduced testimony on remand in an effort to establish the amount of that benefit. From the record, however, it appears there was some confusion about the trial court's role on remand in view of the El Paso court's holding. Although the El Paso court noted that Stanley was "currently entitled" to $3293 in disposable retirement pay, the El Paso court also noted that pay was "predicated on a service member classified E-8 with 28 years of service." Therefore, the $3293 could not have been the value of the retirement benefits on the date of divorce. Although Stanley's grade or classification as E-8 was unchanged, his time in service on the date of divorce was not 28 years or 336 months.

This court recognized the calculations required under *Berry* in *Caracciolo v. Caracciolo*, 251 S.W.3d 568, 571-72 (Tex. App.—San Antonio 2007, no pet.).[4] To clarify any confusion that the El Paso court's opinion may have created in referring to the *Taggart* formula, it is important to note that in holding that retirement pay must be valued at the time of the divorce, the Texas Supreme Court modified the *Taggart* formula in *Berry*, changing the denominator of the fraction to the number of months served in the military at the time of divorce. *See Shanks v. Treadway*, 110 S.W.3d 444, 446 n. 3 (Tex. 2003); *see also Caracciolo*, 251 S.W.3d at 571 (recognizing that

---

[4] Sumiko cites this court's decision in *Contreras v. Contreras*, 974 S.W.2d 155 (Tex. App.—San Antonio 1998, no pet.), in support of her argument. In that case, unlike the instant case, the divorce decree itself "set out the apportionment formula set out in *Taggart*." 974 S.W.2d at 157. Therefore, the modified formula announced in *Berry* could not be applied under the facts in that case. *Id*. at 157-58.

*Berry* altered the *Taggart* formula). Therefore, when a divorce decree provides that the percentage awarded to the spouse will be multiplied by the benefit earned as of the date of the divorce, this modified fraction must be used in apportioning the community's interest in the retirement benefits.[5]

In this case, the domestic relations order the trial court signed on remand applied the *Taggart* formula to the disposable retired pay Stanley was receiving predicated on a service member classified as E-8 with 28 years of service. As a result, the order is erroneous for two reasons: (1) the trial court should have applied the modified *Taggart* formula announced in *Berry* to apportion the community interest, that is number of months of service during the marriage divided by the number of months of service at the time of the divorce; and (2) the trial court should have valued the retirement benefit based on the disposable retired pay Stanley would have been entitled to receive as of the date of the divorce. After those two numbers are properly determined, the product would then be multiplied by 44%, the percentage awarded in the divorce decree.

Because the trial court's order failed to apply the proper calculations, the trial court's order is reversed.

## SCOPE OF REMAND

In his second issue, Stanley complains of additional language[6] the trial court added in the domestic relations order entered on remand that was not present in the domestic relations order initially appealed to the El Paso court. Generally, when a cause has been remanded, the cause remains pending, and amended pleadings may be filed. *Reynolds v. Murphy*, 266 S.W.3d 141,

---

[5] In *Caracciolo*, this court recognized that the best language to use in reflecting the appropriate formula in a divorce decree would be, "IT IS ORDERED AND DECREED that FORMER SPOUSE have judgment against and recover from SERVICE MEMBER that sum equal to [percentage awarded former spouse] times [months married active duty] / [months of creditable service upon divorce] times the disposable monthly retired pay of [a/an] [pay grade] with [number of years] years [number of months] months of creditable service toward retirement, payable if, as and when received by SERVICE MEMBER." 251 S.W.3d at 572 n.2.

[6] The additional language is the fourth paragraph on page 3 of the domestic relations order.

146-47 (Tex. App.—Fort Worth 2008, pet. denied). When an appellate court remands a case and limits a subsequent trial to a particular issue, however, the trial court is restricted to a determination of that particular issue. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986), *Jones & Gonzalez, P.C. v. Trinh*, 340 S.W.3d 830, 836 (Tex. App.—San Antonio 2011, no pet.); *Reynolds*, 266 S.W.3d at 147.

In this case, the El Paso reversed and remanded the order "for calculations consistent with this opinion." *Freeman*, 387 S.W.3d at 777. Accordingly, the scope on remand was limited to recalculating the amount of Stanley's retirement pay to which Sumiko was entitled. Because the El Paso court limited the scope of the remand, the addition of the paragraph in question was beyond the scope of the remand, and the trial court did not have the authority to add that provision.

## CONCLUSION

The trial court's order is reversed, and the cause is remanded to the trial court for the entry of a domestic relations order based on calculations consistent with this opinion.

Luz Elena D. Chapa, Justice